Gray, J.
The granting of the motion for a reargument and requesting the return of the remittitur were in resumption of our jurisdiction, and had no effect whatever on the proceedings already had in the court below upon the remittitur. After the re-argument was had, our decision remained unchanged and the record returned to us went back with a further remittitur, ordering and adjudging as in the first remittitur, and granting costs in this court. This left the orders and judgments below, entered upon the first remittitur, unaffected, as the result of the further pro *88 ceedings in this court The second order of this court upon thereargument of the case was simply a reaffirmance of our former decision, and was not, as the appellant argues, a new and exclusive decision of the appeal. The resumption by this court of its jurisdiction of the’appeal operated simply to suspend proceedings-in the courts below. We acquired thereby the power to alter our former judgment; but this we did not do, and there was nothing-in the second remittitur to indicate that we did. Our first adjudication, as evidenced by the remittitur, was retained and again-remitted to the court below, with an order annexed, which repeated the terms of the former adjudication and then gave costs-in this court. That award of costs related, obviously, to the second argument in this court. To warrant the supposition that the provisions of the remittitur were altered by our subsequent decision, there should be some language expressive of that result
The order should be affirmed, with costs separately to respondents.
All concur.